UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN LEVY,<br><br>       Plaintiff,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>       Defendant. | Case No.  22-cv-05009-JSC<br><br>**ORDER RE: PLAINTIFF'S MOTION TO RE-OPEN AND VACATE JUDGMENT**<br><br>Re: Dkt. No. 24 |

Plaintiff sued the United States for injuries he sustained while walking on the boardwalk at Ocean Beach on October 14, 2020.  (Dkt. No. 1 ¶ 12.)[1]  On June 8, 2023, the Court dismissed the action without prejudice for failure to prosecute.  (Dkt. No. 22.)  Before the Court is Plaintiff's motion to re-open and vacate judgment.  (Dkt. No. 24.)  Having carefully considered the arguments and briefing submitted, the Court concludes oral argument is unnecessary, *see* Civ. L. R. 7-1(b), and DENIES Plaintiff's motion.  Plaintiff has failed to demonstrate his entitlement to relief under Federal Rule of Civil Procedure 60(b)(1) and (b)(6).

## BACKGROUND

After this case was filed on September 1, 2022, it was initially assigned to Judge Kim. (Dkt. No. 5.)  Judge Kim issued an initial case management scheduling order on September 15, 2022, which required Plaintiff to file a case management statement by December 12, 2022.  (Dkt. No. 6.)  When Plaintiff failed to file the required case management statement, the clerk entered notice directing Plaintiff to file a statement as soon as possible.  (Dkt. No. 11.)  Plaintiff still did not do so.  At the initial case management conference on December 19, 2022, Judge Kim

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

United States District Court<br>Northern District of California

scheduled a further case management conference and ordered a case management statement be filed by February 21, 2023.  (Dkt. No. 12.)  When Plaintiff again failed to file the required case management statement, the clerk entered notice directing Plaintiff to file a statement as soon as possible.  (Dkt. No. 13.)  Plaintiff then did file a case management statement.  (Dkt. No. 14.)  At the further case management conference on February 27, 2023, Judge Kim noted Plaintiff improperly served Defendant in Washington, D.C., but was still in the process of serving the U.S. Attorney's Office in the Northern District of California.  (Dkt. No. 15.)  Judge Kim issued an order setting a further case management conference for March 13, 2023, and requiring Plaintiff to file an updated case management statement by March 6, 2023.  (*Id*.)  When Plaintiff, for the third time, failed to file a timely case management statement, Judge Kim issued an order directing Plaintiff to show cause in writing by March 10, 2023, as to why the case should not be dismissed for failure to prosecute.  (Dkt. No. 16.)  The order to show cause explained: "[t]he Court has a full case load and does not have time to manage this case for Plaintiff.  It is Plaintiff's Counsel's responsibility to proceed diligently."  (*Id*. at 1-2.)  Plaintiff then filed the required case management statement.  (Dkt. No. 17.)

Plaintiff failed to respond to Judge Kim's order to show cause or appear at the further case management conference on March 13, 2023.  (Dkt. No. 18.)  On the same day, Judge Kim reassigned the case and recommended dismissal without prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b).  (Dkt. No. 19.)  When the case was reassigned to this Court, Plaintiff's counsel submitted a declaration saying, "[d]ue to a clerical error the task and/or reminder to appear was misscalendared [*sic*] by my office and we missed the hearing."  (Dkt. No. 21 at 2.)  Plaintiff's counsel claimed "[s]ervice upon defendant United States of America was completed March 10, 2022[2]."  (*Id*.)  Plaintiff did not, however, object to Judge Kim's report and recommendation to dismiss the action.  *See* Fed. R. Civ. P. 72(b)(2).

On June 8, 2023, this Court dismissed Plaintiff's action pursuant to Rule 41(b) and explained, despite counsel's claim of completed service, his declaration indicated he served the

_____

[2] The Court assumes this is a typo as the supporting documents reflect a delivery day of March 10, 2023.

United States District Court
Northern District of California

1
2
3
4
5
6
7

wrong United States Attorney's Office. (Dkt. No. 22.) Plaintiff's counsel served the Civil Process Clerk for the Central District of California, not the Northern District of California where this action was pending. (Dkt. No. 21 at 4.) *See* Fed. R. Civ. Pro. 4(i)(1)(A). As a result, Plaintiff had not yet effectuated service of process or otherwise diligently prosecuted the action. (Dkt. No. 22 at 2.) Accordingly, the Court dismissed the action without prejudice and entered judgment in favor of Defendant on June 9, 2023. (Dkt. Nos. 22, 23.) Plaintiff did not seek to alter the judgment by the 28-day deadline under Federal Rule of Civil Procedure 59(e).

8
9
10
11
12

In sum, Plaintiff failed to timely file three case management statements, respond to an order to show cause, attend a case management conference, properly serve Defendant on two separate occasions, or file proof of service once service was properly completed. Plaintiff now seeks relief from dismissal and judgment under Federal Rule of Civil Procedure 60(b)(1), or, in the alternative, Rule 60(b)(6). (Dkt. No. 24.)

13

### DISCUSSION

14

### I. Relief Under Federal Rule of Civil Procedure 60(b)(1)

15
16
17
18
19
20
21
22
23
24
25

The Court may relieve a party or its legal representative from a final judgment, order, or proceeding for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Plaintiff argues "[t]he judgment in this case is the very definition of 'surprise'" without providing any explanation of how he was surprised. (Dkt. No. 24 at 6.) But Plaintiff cannot have been surprised by the dismissal without prejudice for failure to prosecute this action. Judge Kim's order to show cause of March 7, 2023, specifically directed Plaintiff to respond in writing as to why the action should not be dismissed for Plaintiff's repeated failure to follow court orders. (Dkt. No. 16 at 2.) Plaintiff did not do so. Nor did Plaintiff appear at the March 13, 2023 further status conference. Further, on March 13, 2023, Judge Kim issued a Report and Recommendation recommending dismissal for failure to prosecute. Plaintiff did not file an objection. Thus, dismissal was a near foregone conclusion, not a surprise.

26
27
28

Alternatively, Plaintiff argues the judgment should be vacated for excusable neglect. (*Id.*) "[F]or purposes of Rule 60(b), excusable neglect is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Pioneer Inv. Servs. Co.*

United States District Court
Northern District of California

*v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394 (1993) (cleaned up).  The determination of what sorts of neglect will be considered "excusable" is an equitable one.  *Id*. at 395.  The Court considers four enumerated factors in determining whether missing a filing deadline constitutes excusable neglect: the danger of prejudice to Defendant, length of delay and its potential impact on judicial proceedings, reason for delay including whether it was within the reasonable control of Plaintiff, and whether the movant acted in good faith.  *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997).

### 1. Prejudice to Defendant

The first factor is prejudice to Defendant.  *Briones*, 116 F.3d at 381.  "The law presumes injury from unreasonable delay.  However, this presumption of prejudice is a rebuttable one and if there is a showing that no actual prejudice occurred, that factor should be considered."  *In re Eisen*, 31 F.3d 1447, 1452–53 (9th Cir. 1994).  The prejudice to Defendant caused by Plaintiff's delay is insufficient to justify denial of relief under Rule 60(b)(1) because the delay has not impaired Defendant's ability to go to trial or threatened to interfere with the rightful disposition of this case.  *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224–25 (9th Cir. 2000); *see In re Eisen*, 31 F.3d at 1453 ("Whether the prejudice is significant will depend on whether the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." (cleaned up)); *Pierce v. United States*, No. 15-CV-02811-JSC, 2017 WL 3058582, at *2 (N.D. Cal. July 19, 2017) ("To be prejudicial, the setting aside of a judgment or order must result in greater harm than simply delaying resolution of the case.  For example, the delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." (cleaned up)).  Because the only prejudice Defendant identifies from Plaintiff's conduct is a delay of the resolution of this case, the first factor weighs in favor of relief.

### 2. Length of Delay

The second factor is the length of delay and its potential impact on judicial proceedings. *Briones*, 116 F.3d at 381.  Under Federal Rule of Civil Procedure 60(c), a Rule 60(b) motion must be made "within a reasonable time" and "no more than a year after entry of the judgment or order

or the date of the proceeding."  Fed. R. Civ. P. 60(c).  "What constitutes reasonable time depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to the other parties."  *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981).

Here, Plaintiff filed his motion for relief a month after the Court dismissed the action without prejudice for failure to prosecute.  The Ninth Circuit has held a one-month delay is not prejudicial.  *Bateman*, 231 F.3d at 1225.  However, Plaintiff has been aware of the potential dismissal of this action since the order to show cause and recommendation to dismiss issued in March 2023, four months before Plaintiff filed the instant motion.  (Dkt. Nos. 16, 19.)  While four months is not in and of itself excessive, it is a period beyond that which courts generally excuse. *See, e.g.*, *M.D. by & through Doe v. Newport-Mesa Unified Sch. Dist.*, 840 F.3d 640, 643 (9th Cir. 2016), *as amended* (Nov. 18, 2016) (two-day delay); *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1262 (9th Cir. 2010) (three-day delay); *Bateman*, 231 F.3d 1220, 1225 (9th Cir. 2000) (one-month delay).  As in *Ashford*, nothing impeded Plaintiff's awareness of the Court's rulings or of the relevant facts and law.  657 F.2d at 1055.  As in *Pierce*, "Plaintiff's consistently dilatory conduct despite the Court's repeated warnings that missing future deadlines would result in dismissal" weighs against granting Plaintiff's motion.  2017 WL 3058582, at *2.

### 3. Reason for Delay

The third factor is Plaintiff's reason for delay, including whether it was within the reasonable control of Plaintiff.  *Briones*, 116 F.3d at 381.  "The third factor is the most important and does most of the work."  *Rahimi v. San Francisco Mun. Transportation Agency*, No. 16-CV-02576-JST, 2017 WL 5665405, at *2 (N.D. Cal. Nov. 27, 2017), *aff'd*, 745 F. App'x 789 (9th Cir. 2018).  To justify his failure to comply with case management orders and timely file case management statements, Plaintiff explains, "[t]he Case Management Statement was not filed timely due to an error in our case management software where the entry for the Statement was not calendared by Plaintiff's Counsel's staff."  (Dkt. No. 24 at 8.)  But Plaintiff failed to timely file *three* different case management statements, and he does not specify to which statement this calendar error applies.  This explanation is therefore insufficient to justify Plaintiff's repeated

1    failure to timely file the required case management statements.  Regarding Plaintiff's failure to

2    appear at the March 13, 2023 further case management conference, Plaintiff says, "[d]ue to a

3    clerical error the task and/or reminder to appear was misscalendared [*sic*] by my office and we

4    missed the hearing."  (Dkt. No. 21 at 2.)  This explanation is not credible in light of all the other

5    missed deadlines.

6         As to Plaintiff's failure to respond to the order to show cause, Plaintiff says, "[w]e were

7    under the impression if the case was served on the proper United States Attorney's Office, the

8    [order to show cause] would come off calendar."  (Dkt. No. 27 at 2.)  Why Plaintiff was under this

9    impression is unclear, as the order states: "Plaintiff is HEREBY ORDERED to Show Cause in

10   writing by not later than noon March 10, 202[3], why this case should not be dismissed for failure

11   to prosecute pursuant to Federal Rule of Civil Procedure 41(b)."  (Dkt. No. 16 at 2.)  Indeed, the

12   order to show cause is not predicated on Plaintiff's failure to effectuate service, but on Plaintiff's

13   repeated failure to timely file case management statements.  (*Id*. at 1-2.)  Thus, Plaintiff's

14   explanation is insufficient to justify his failure to comply with a court order.

15        Finally, as to Plaintiff's failure to properly serve Defendant on two separate occasions,

16   Plaintiff explains: "[t]he legal assistant charged with perfecting service of the summons and

17   complaint served the documents a number of times at incorrect addresses."  (Dkt. No. 26 at 4.)

18   Plaintiff's counsel inappropriately blames his staff for his various failures to competently pursue

19   this case.  (Dkt. Nos. 21 at 2, 24 at 8, 26 at 4.)  It is Plaintiff's counsel, not Plaintiff's counsel's

20   legal assistant, who is responsible for properly effectuating service.  It is Plaintiff's counsel, not

21   Plaintiff's staff, who owes ethical obligations to Plaintiff.  Moreover, Plaintiff has been on notice

22   since February 27, 2023, that Defendant should have been served at the U.S. Attorney's Office in

23   the Northern District of California.  (Dkt. No. 15.)

24        None of Plaintiff's reasons excuses Plaintiff's repeated failure to comply with court orders

25   or properly effectuate service, and all were within the reasonable control of Plaintiff.  Because

26   Plaintiff's reasons for delay are inadequate to show excusable neglect, the third and most

27   important factor weighs against relief.

28   //

United States District Court
Northern District of California

6

United States District Court
Northern District of California

1

### 4. Good Faith

The fourth factor is whether Plaintiff acted in good faith. *Briones*, 116 F.3d at 381. Though the Court has no basis to conclude Plaintiff acted otherwise, "this factor alone is not enough to tip the balance in favor of granting Plaintiff's motion for relief." *Pierce*, 2017 WL 3058582, at *3.

* * *

Plaintiff has failed to demonstrate his entitlement to relief under Federal Rule of Civil Procedure 60(b)(1). Despite the lack of bad faith and serious prejudice, the combined length of delay and inadequacy of Plaintiff's reasons for delay compel denial of relief. Accordingly, Plaintiff's Rule 60(b)(1) motion is DENIED.

### II. Relief Under Federal Rule of Civil Procedure 60(b)(6)

"Under Federal Rule of Civil Procedure 60(b)(6), a default judgment may be set aside when there is any reason not previously considered in the Rule that justifies granting relief." *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002), *as amended on denial of reh'g and reh'g en banc* (Apr. 24, 2002). Plaintiff merits relief under Rule 60(b)(6) if he demonstrates extraordinary circumstances which prevented or rendered him unable to prosecute his case. *Id.*; *see also Pioneer*, 507 U.S. 380, 393 (1993) ("To justify relief under subsection (6), a party must show extraordinary circumstances suggesting that the party is faultless in the delay." (cleaned up)). Plaintiff must demonstrate both injury and circumstances beyond his control that prevented him from properly proceeding with the prosecution of the action. *Id.* "[W]here the client has demonstrated gross negligence on the part of his counsel, a default judgment against the client may be set aside pursuant to Rule 60(b)(6)." *Id.* at 1169.[3]

Plaintiff has not identified any extraordinary circumstances suggesting Plaintiff was faultless for his various failures, and otherwise makes no argument in support of Rule 60(b)(6) relief. As stated in *Ashford*, "[r]elief under section 60(b)(6) is reserved for extraordinary

---

[3] "When an attorney is grossly negligent, as counsel was here, the judicial system loses credibility as well as the appearance of fairness, if the result is that an innocent party is forced to suffer drastic consequences." *Cmty. Dental Servs.*, 282 F.3d at 1170.

1    circumstances. None were alleged." 657 F.2d at 1055 (cleaned up).  Accordingly, Plaintiff's Rule
2    60(b)(6) motion is DENIED.

3        **III.    Merits Adjudication & Interests of Justice**

4        Plaintiff seeks for this case to be heard on its "actual merits," suggesting the Court's
5    dismissal is analogous to those at issue in *Falk v. Allen*, 739 F.2d 461 (9th Cir. 1984) and *TCI*
6    *Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691 (9th Cir. 2001), *as amended on denial of reh'g and*
7    *reh'g en banc* (May 9, 2001).  (Dkt. No. 24 at 7-8).  Not so.  In both cases the court reopened
8    default judgments, which are "appropriate only in extreme circumstances; a case should, whenever
9    possible, be decided on the merits."  *TCI Grp. Life Ins. Plan*, 244 F.3d at 696.  Here, the Court
10   dismissed Plaintiff's action without prejudice for failure to prosecute and comply with multiple
11   court orders, which "operates as an adjudication on the merits."  Fed. R. Civ. P. 41(b).  The
12   Court's dismissal of Plaintiff's action on June 8, 2023, was a merits decision.

13       Inexplicably, Plaintiff also argues:

14       The case was dismissed pursuant to Fed. R. Civ. P. 41(b). "[A]
         dismissal under this subdivision (b) . . . operates as an adjudication on
15       the merits." The district court order dismissing Plaintiff's action was
         therefore an adjudication on the merits. Because the dismissal order
16       ended Plaintiff's suit on the merits, it is a final decision appealable
         under 28 U.S.C. § 1291." Lal v. California, 610 F.3d 518 (9th Cir.
17       2010). The Court's dismissal of this action pursuant to Fed. R. Civ. P.
         41(b) has effectively deprived the Plaintiff of her rights based upon a
18       minor error made shortly (less than a month) after new counsel was
         substituted into the matter, had not obtained the client's entire file
19       from former counsel, and was diligently preparing for the April 19th
         Scheduling conference.
20

21   (Dkt. No. 24 at 9.)  Besides the obvious conflict between this argument and the aforementioned
22   request for adjudication on the "actual merits," (*id.* at 8), three issues emerge.  First, at no point
23   has new counsel been substituted in this matter.  Second, the dismissal for failure to prosecute
24   under Federal Rule of Civil Procedure 41(b) was based on multiple repeated errors, not just one
25   "minor error."  Finally, there exists no "April 19th Scheduling conference" for which counsel
26   could be diligently preparing.  Granting Plaintiff relief from dismissal is not within the interests of
27   justice.
28   //

United States District Court
Northern District of California

8

**CONCLUSION**

Plaintiff's motion to vacate dismissal is DENIED.

This Order disposes of Docket No. 24.

**IT IS SO ORDERED.**

Dated: August 28, 2023

_____
JACQUELINE SCOTT CORLEY
United States District Judge